UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 13-356 PSG (OPx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *The Bank of New York Mellon v. April L. Mottahedeh, et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                               Not Present

**Proceedings:     (In Chambers) Order REMANDING case to state court**

On February 26, 2013, Defendants April L. and Peymon Mottahedeh (collectively, "Defendants") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff The Bank of New York Mellon ("Plaintiff"). *See* Dkt. # 1. After reviewing Defendants' Notice of Removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties. *See* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.* Furthermore, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (emphasis in original).

Defendants' Notice of Removal argues that federal jurisdiction is established because there is supplemental jurisdiction based on a case filed by Defendant April Mottahedeh in federal court. *See NOR* ¶¶ 5-7; Dkt. # 1, EDCV 12-165 VAP (OPx). A related, pending case is not sufficient grounds for removal. *See Fabricius v. Freeman*, 466 F.2d 689, 693 ("That a related case was pending in federal court was not in itself sufficient grounds for removal under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-356 PSG (OPx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *The Bank of New York Mellon v. April L. Mottahedeh, et al.* | | |

28 U.S.C. § 1441."). The Court must have original jurisdiction over at least one cause of action in the present case before being able to exercise supplemental jurisdiction. *See Morales v. Prolease PEO, LLC*, No. CV 11-10389 MMM (JCGx), 2011 WL 6740329, at *4 (C.D. Cal. Dec. 22, 2011) ("'The supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action.' . . . Even though 'such an approach would have the benefits of efficiency.'") (citations omitted). Thus, there is no federal jurisdiction on the basis of the related case.

There is also no federal question jurisdiction in this case. The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under § 28 U.S.C. 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

Further, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000.00 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The unlawful detainer complaint seeks only damages in the amount of $30 per day from February 5, 2013 until entry of judgment. *See Compl.* ¶ 9. It would, therefore, take over six years for the amount in controversy requirement to be met.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case. The Court declines to award attorneys' fees.

**IT IS SO ORDERED.**